MEMORANDUM **
John Nasi appeals the district court’s order granting Viad summary judgment and declaring that Viad does not owe Nasi supplemental pension benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
*452 1. Nasi contends that the district court erroneously reviewed the administrator’s denial of benefits for abuse of discretion as opposed to de novo, because Viad committed procedural violations by not reaching a timely resolution and Viad operated under a structural conflict of interest. Where, as here, an ERISA plan confers the plan administrator discretionary authority, a district court reviews the administrator’s denial of benefits for abuse of discretion. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir.2006) (en banc). An administrator’s procedural violations ordinarily “do not alter, the standard of review unless those violations are so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm.” Gatti v. Reliance Standard Life Ins. Co., 415 F.3d 978, 985 (9th Cir.2005). Here, Viad’s delay in reaching a timely resolution was not a flagrant procedural violation, especially when much of the delay was due to Nasi’s untimeliness in producing documents and releasing records. Viad’s structural conflict of interest does not alter the standard of review, but is a factor that courts must weigh when applying the abuse of discretion standard of review. Abatie, 458 F.3d at 965. The district court properly applied the abuse of discretion standard of review.
2. Nasi next contends that the letter agreement that he and Viad entered into on May 28, 1993 is an unconditional guarantee from Viad to pay him lifetime supplemental pension benefits, but the administrator at Viad reads Nasi’s entitlement to supplemental pension benefits as subject to a condition precedent that was never satisfied. The administrator’s interpretation is supported by the plain terms of the letter agreement and by the circumstances that gave rise to the letter agreement. Reviewing the administrator’s denial of benefits for abuse of discretion, the district court properly granted Viad’s motion for summary judgment.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.